Welch, J.
The only question is upon the sufficiency of the petition in the common pleas.
The 27th section of the school law (Curwen’s Stat. 2219) makes the township treasurer ex officio treasurer of school funds, and requires him to give a bond conditioned “ for the faithful disbursement, according to law, of all such funds as shall, from time to time, come into his hands.”
The bond of Nesbitt was in all respects in conformity to this law, except in its condition. Instead of being conditioned to disburse the money “ according to law," it was conditioned to disburse it “on the order of the board." Was this a valid statutory or common-law bond? And was its condition broken by a refusal to pay over the funds to his successor, on the order of the board ?
The -board are not authorized to draw any order in favor of the successor, for funds payable to him as such. The law makes it the duty of the predecessor to pay them ovér without order. As to the *34 disbursement of moneys while in office, the provision of the law is (sec. 24, page 2218), that all funds which may come into the hands of the treasurer shall be paid out only on the order of the clerk of the board of education, under the direction of the board; but, in paying teachers, the clerk may draw the order without direction of the board.
*It is admitted that orders of the clerk, issued under the “direction” of the board, are to be regarded as “orders” of the board; but it is contended that, as the board have no authority to order the payment of teachers, or the payment of the residuum transferrable to the successor, the bond requiring the payment of all moneys on the order of the hoard is illegal and void. Or, if not illegal and void, it is said it only binds the obligors for the payment of money for which legally authorized orders shall be drawn by the board, or by its direction, and therefore not for the payment of money due the successor, because the board are not authorized or required to order or direct its payment.
Had the condition of the bond been simply that the treasurer should “ pay over all money coming into his hands,” there can be no doubt it would have been a good statutory bond, because the qualification, “ according to law,” would have been implied. An agreement to pay is, prima facie, an agreement to pay “ according to law.” What is the effect, then, of these superadded or substituted words—“ on the order of the hoard of education V' I incline to think they may be wholly rejected as surplusage. This point, however, the court deem it unnecessary to decide. If any effect is to be given to them, the condition of the bond must receive one of three constructions: Either, first, that the obligors were bound only for the payment of such part of the money coming into the hands of the treasurer as by law was made subject to the orders or directions of the board, irrespective of the legality of the payment or appropriation ; or, second, that they were bound for his payment (so far as he had funds) of all orders of the board; or, third, that they were bound for his payment of all the money according to law; provided that, in case of each payment, an order of the board (if required) should first be given. We think this last is the only legitimate reading of the substituted words, if they are to be read at all. The first construction is inadmissible, because it makes the condition provide, in words, for the payment of “ all the money,” and yet, in effect, only for a part of it—a repugnancy which is *35 simply absurd. The second makes the parties contemplate a possible illegal appropriation of the funds. This is wholly *inadmissible, as the words will bear a contrary and innocent interpretation. If the language of a contract is susceptible of such interpretation as makes it legal and honest, that will always be adopted in preference to on'e which makes it illegal and fraudulent. Thero is but one legitimate and honest purpose for which these words could have been inserted by the obligors, and that is the one indicated in the construction adopted. They bad a right to say that they would only stand liable for the treasurer’s default in cases where payments were required both by the law and by the orders of the hoard. To hold that they meant more or less than this, would bo to attribute to them motives and intentions which were unlawful. The words will as readily admit of this construction as of either of the others; and it makes the parties intend what the law requires—that all the money received should be accounted for, and that none of it should, in any event, be paid out contrary to law.
The petition in the common pleas shows, and the démurrer to it admits, that there was a legal duty to pay over this money, and that, in conformity with the condition of the bond, an order for its payment, though not required by law, was in fact drawn by the board, and presented to the treasurer, and its payment refused. Wo think this is a good petition, and that the court erred in sustaining the demurrer thereto. The judgment of the common pleas is therefore reversed, and the cause is remanded for further proceedings.
Brinkerhofp, C. J., and Scott, Day, and White, JJ., concurred